# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 22-2479

UNITED STATES OF AMERICA,

v.

JARRETT MELVIN TARN,
Appellant

———————————————

Appeal from the U.S. District Court for the Eastern District of Pennsylvania
Judge Timothy J. Savage, No. 2:19-cr-00365

Before: KRAUSE, PHIPPS, and FISHER , *Circuit Judges*
Submitted under Third Circuit L.A.R. 34.1(a) Dec. 11, 2025; Decided Jan. 16, 2026
———————————————

NONPRECEDENTIAL OPINION[*]

KRAUSE, *Circuit Judge.*

In April 2022, Appellant Jarrett Melvin Tarn pleaded guilty to possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(C), possession with intent to distribute oxycodone, *id.*, possession of a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1), and possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). The District Court sentenced Tarn to a term of imprisonment of 108 months. Tarn now appeals his conviction and sentence. Seeing no non-frivolous basis for appeal, Tarn's counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We will grant counsel's *Anders* motion and affirm Tarn's conviction and sentence.

———————————————

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

# I. DISCUSSION[1]

## A. Counsel's *Anders* Brief is Facially Deficient.

*Anders* motions must "be accompanied by a brief referring to anything in the record that might arguably support the appeal," *id.* at 744, that "satisf[ies] the court that counsel has thoroughly examined the record in search of appealable issues" and "explain[s] why the issues are frivolous," *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Where counsel's "*Anders* brief is insufficient" we may nonetheless grant counsel's motion to withdraw and affirm the conviction and sentence where the appeal is "patently frivolous." *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009). But, in doing so, we must conduct our own review to determine whether any non-frivolous issues exist, *Youla*, 241 F.3d at 300, and our review is not limited to the issues raised by the defendant or counsel, *see United States v. Langley*, 52 F.4th 564, 569 (3d Cir. 2022).

Here, counsel's *Anders* brief does not show that he "provided [Tarn] with a diligent and thorough search of the record for any arguable claim that might support [Tarn's] appeal." *McCoy v. Ct. of Appeals of Wis., Dist. 1*, 486 U.S. 429, 442 (1988). That brief contains less than six pages of relevant argument; offers only conclusory discussion of issues, such as whether a search was lawful, that by their nature require more detailed analysis; and makes general references to portions of the record that span over one hundred pages, like a citation to the entirety of Volume III of the Joint Appendix. Taken together, these features do not give us confidence that counsel's review was sufficient. *See Anders*,

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

386 U.S. at 744 (requiring counsel make "a conscientious examination" of the case); *cf. United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005) ("In filing an *Anders* brief, counsel is under ethical obligations to the client and to the court."). Nonetheless, for the reasons explained below, we ultimately agree that this appeal is frivolous.

## B. This Appeal Does Not Raise Any Non-Frivolous Issues.

We proceed to consider the arguments raised in Tarn's *pro se* brief, followed by potential issues identified in our independent review of the record.[2]

For his part, Tarn argues that the District Court erred in denying his motion to suppress, which we review "for clear error as to the underlying factual findings and exercise plenary review over [the District Court's] application of the law to those facts." *United States v. Burnett*, 773 F.3d 122, 130 (3d Cir. 2014).

A police officer may conduct an investigatory stop when she has reasonable suspicion: A "particularized and objective basis for believing that the particular person is suspected of criminal activity," *United States v. Brown*, 159 F.3d 147, 149 (3d Cir. 1998), meaning "a minimal level of objective justification" to make the stop, *United States v. Whitfield*, 634 F.3d 741, 744 (3d Cir. 2010). That threshold was easily satisfied here: The police received a description of a man who had threatened a child with a firearm; they found Tarn, who generally matched witness descriptions, walking in the same area minutes

---

[2] The Government suggests that, even if counsel's *Anders* brief was insufficient, we may limit our review to the issues raised by Tarn in his *pro se* brief. We disagree. While in certain cases we have focused our review on the issues discussed in *pro se* briefs, those briefs were far more comprehensive and detailed than the *pro se* brief here. *See United States v. Youla*, 241 F.3d 296, 301 (3d Cir. 2001) (discussing twenty-six-page *pro se* brief, which was sufficiently detailed to serve as "an adequate *Anders* brief").

later; and Tarn ran when approached by police and drew a weapon during the ensuing chase. Though Tarn suggests that the police "should have noticed" that his skin tone did not match the description, *Pro Se* Reply Br. 2, the officer had little opportunity to make that assessment because Tarn ran "immediately," App. Vol. I 226. Thus, there is no question that the police had reasonable suspicion to stop and frisk Tarn, *see Illinois v. Wardlaw*, 528 U.S. 119, 124 (2000), as well as probable cause to believe that he had been unlawfully carrying a concealed weapon once officers saw Tarn draw his weapon, *see* 18 Pa. Cons. Stat. § 6106.[3]

Tarn also asserts, in what appears to be an as-applied challenge, that his convictions under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(c)(1) violate the Second Amendment.[4] But Tarn was on probation, and we have held that § 922(g)(1) is constitutional "as applied to convicts on parole or probation." *United States v. Quailes*, 126 F.4th 215, 224 (3d Cir. 2025), *cert. denied*, 2025 WL 2823870 (Oct. 6, 2025). And as for § 924(c)(1), it is hardly "plain" that the Second Amendment protects the right to use firearms in furtherance of otherwise illegal activities, like drug trafficking. Indeed, our sister circuits thus far have all concluded otherwise. *See, e.g., United States v. Risner*, 129 F.4th 361, 368-69 (6th Cir. 2025) (holding that § 924(c)(1) does not facially violate the Second Amendment); *United States v. Ruiz*, No. 23-10406, 2024 WL 1134725, at *1 (5th Cir. Mar. 15, 2024) (per

---

[3] Because the police had reasonable suspicion to detain Tarn, we need not address his argument that he was unlawfully detained when he was shot with a taser during his flight and that all after-acquired evidence was fruit of the poisonous tree.

[4] Tarn did not raise this argument below, so it is subject to plain error review. Fed. R. Crim. P. 52(b).

curiam) (rejecting, under plain error review, as-applied challenge to § 924(c)(1)). While we do not have occasion to conclusively decide the issue, it is enough to say that the District Court did not commit plain error by not ruling § 924(c)(1) unconstitutional.

From our own review, we have considered whether the District Court properly advised and questioned Tarn when accepting his plea deal under Rule 11 of the Federal Rules of Criminal Procedure. Unpreserved objections to a District Court's failure to comply with Rule 11 are reviewed for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). But in this case, the District Court did not plainly err. Rather, it substantially complied with Rule 11(b)(1) by informing Tarn (1) that his statement could be used against him in a perjury action, App. Vol. III 33; (2) that he had the right not to plead guilty, and that if he did not plead guilty he could go to trial where he would enjoy certain rights and was entitled to counsel, *id.* at 39-42; (3) of the nature of the charges against him, *id.* at 43-47; (4) of the maximum and minimum penalties, *id.* at 36-37; (5) of the District Court's obligation to calculate a guidelines range for the offense, *id.* at 38-39; and (6) of the terms of his appellate waiver, *id.* at 54-55. It also complied with Rule 11(b)(2) and 11(b)(3) by assessing the voluntariness of the plea, *id.* at 36-37, 56-57, and recounting the plea's factual basis, *id.* at 43-54.[5]

---

[5] We see no evidence that the District Court informed Tarn during the plea hearing that his plea necessitated forfeiture of his firearm or would result in a special assessment. Fed. R. Crim. Pro. 11(b)(1)(J), (L). But neither omission affected Tarn's substantial rights, *see United States v. Dominguez Benitez*, 542 U.S. 74, 81 (2004), because there is no likelihood that Tarn would not have pleaded guilty had he been informed, *see United States v. Corso*, 549 F.3d 921, 929 (3d Cir. 2008). These consequences were clearly identified in the Plea Agreement. App. Vol. III 19, 21. The Government's sentencing memorandum also

Nor did the District Court err in calculating Tarn's sentence. "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," *Gall v. United States*, 552 U.S. 38, 49 (2007), but may then exercise its discretion in deviating from that range, *United States v. Arrelucea-Zamudio*, 581 F.3d 142, 152 (3d Cir. 2009). To start, Tarn's drug and felon-in-possession convictions are grouped under the Sentencing Guidelines.[6] *See* U.S.S.G. § 3D1.2(c)-(d).[7] Tarn's § 922(g)(1) conviction had a base offense level of 22, *id.* § 2K2.1(a)(3), which applies to the offense group because it supplies the highest base offense, *id.* § 3D1.3(a). Tarn then received a two-level upward adjustment for obstruction of justice by fleeing, *id.* § 3C1.2, and a two-level downward adjustment for acceptance of responsibility, *id.* § 3E1.1(a), yielding a total offense level of 22. His criminal history score of 8, which included two additional points for committing these offenses while on probation, *id.* § 4A1.1(d), put him in Criminal History Category IV, *id.* Chapter 5, Part A. So, the District Court found, and the parties agreed, that Tarn's Guidelines range for the § 922(g) violation was 63 to 78 months, *id.*; App. Vol. III 98, followed by a consecutive mandatory minimum 60-month sentence for his § 924(c)(1) violation, U.S.S.G. § 2K2.4(b) & cmt. n.2(A); 18 U.S.C. § 924(c)(1)(A)(i); App. Vol. III

---

identified these consequences, *id.* at 75, and Tarn did not seek to withdraw his plea at that time.

[6] We note that at least one circuit would not group Tarn's drug and felon-in-possession convictions. *See United States v. Sinclair*, 770 F.3d 1148, 1157-58 (7th Cir. 2014). *But see United States v. Bell*, 477 F.3d 607, 614-15 (8th Cir. 2007). But taking that approach here would only serve to lengthen Tarn's sentence, *see* U.S.S.G. § 3D1.4, would not constitute prejudicial error, and thus would be a frivolous issue on appeal.

[7] All references to the Sentencing Guidelines are to the 2018 Guidelines Manual, which was in effect at the time of the offense. *Peugh v. United States*, 569 U.S. 530, 549 (2013).

98, for a total range of 123 to 138 months, App. Vol. III 98. After considering the 18 U.S.C. § 3553(a) factors, the District Court sentenced Tarn to 108 months, which reflected a substantial downward variance and was well within the Court's discretion. *See* App. Vol. III 140-44.

We have also considered other factors that the *Anders* brief should have addressed— including the District Court's compliance with Rule 32 of the Federal Rules of Criminal Procedure, the adequacy of the District Court's reasons for the sentence imposed, the term of supervised release, and the fine range—and discern no non-frivolous issues.

## II. CONCLUSION

For the foregoing reasons, we will grant counsel's *Anders* motion and affirm Tarn's conviction and sentence.